## Case No. 3,042.

### The COLUMBUS.

[1 Abb. Adm. 97.][1]

District Court, S. D. New York. Jan., 1848.

INJURY OF CARGO—ASCERTAINMENT OF DAMAGE.

Where goods were damaged during transportation on board ship, and were received by consignees upon an understanding that the depreciation was to be made good to them, and they were sold by auction by the consignees, but with the assent of the master.—*held*, that for the purpose of making adjustment of the amount due from the vessel for the injury, the sum realized at the sale should be regarded as the value of the goods in their damaged state.

[Cited in Magdeburg General Ins. Co. v. Paulson, 29 Fed. 533.]

In admiralty. This was a libel in rem by Gustavus Loenig and Charles Schneider against the bark Columbus, to recover damages for injuries received by goods shipped on board the bark to the libellants, as consignees. The facts of the case are stated in the report of the proceedings had upon exceptions heretofore taken to a commissioner's report. [Case No. 3,041.] After the decision disallowing those exceptions, an order was entered in July, 1847, referring the cause back to the commissioner to re-examine and state the account between the parties. He reported a balance due to the libellants of $267.51. The cause again came up upon exceptions to this further report of the commissioner. There was an exception upon the ground that the commissioner's estimate of the original value of the corks, which were the subject of the action, at their port of shipment, was higher than was supported by the evidence; and this exception was sustained by the court, the valuation adopted by the commissioner being reduced from $696.08 to $677.87. There was

---

[1] [Reported by Abbott Brothers.]

another exception taken on behalf of the claimants, upon the ground that the commissioner had improperly received evidence of the sum realized by the sale of the damaged corks at auction, as fixing their value in their damaged condition. It is to the question raised by this exception that the opinion of the court principally relates.

E. C. Benedict, for libellants.
Francis B. Cutting, for claimants.

BETTS, District Judge. The quantity of corks, for the injury to which the libellants seek to recover in this action, is differently stated by the libellants and by their witnesses. By the account of sales and estimate of damage rendered to the claimants by the libellants, June 23, 1846, they charge for 192 bags, containing 50 gross in each bag, valued at 7¼ cents per gross, which gives the product $696. But the auctioneer's account of sales, returns only 187 bags sold, which, on a like computation, would amount to $677.87. The variation is of no great moment, yet the owner is entitled to every legal allowance. Taking the latter sum as the proved original value of the goods, and rectifying the computation of the commissioner accordingly, the balance reported due to the libellants should be $249.38, instead of $267.51.

The libellants clearly proved by the testimony of their cartman and clerks, that the corks were in a damaged condition when landed here; and the fair purport of all the testimony before the court and commissioner may well be taken to be, that the libellants never accepted the corks as their property, except upon the understood condition that the damage should be made good to them. It appears that an arbitration was at first agreed upon between the libellants and the master to ascertain the injury or depreciation, but the master being advised that by so adjusting the matter, he might be embarrassed in his remedy abroad, he declined to do so, and the libellants then gave him notice that they should send the goods to auction. On the first hearing, I thought the proofs not very distinct that the captain assented to the auction sale; but a review of the evidence then taken, in connection with the proofs since put in before the commissioner, satisfies me that the sale was fully approved by him. He did more than merely acquiesce in it. He sent men from his vessel to put up the corks, and arrange them for an advantageous sale in that manner.

The exception by the claimants rests upon the positions that the consignees, after receiving the goods, had no rightful authority to send them to auction at the risk of the vessel; and second, that at any rate they could not sell them, sound and unsound together, as a means to ascertain their value. And it is contended that it was at least their duty to select the sound and retain them at the invoice value, and to allow the damaged ones only to be sold at auction. The latter branch of the argument was sufficiently adverted to in the opinion pronounced upon the original hearing, and the views of the court upon that point will not be again stated.

It does not appear to me that the case comes up in a manner which requires an opinion upon the general question, whether the owner or consignee of goods accepted from a carrier in a damaged condition, may, of his own authority, make auction sale of them, and charge the carrier with the difference between their sound value and the prices obtained for them at public sale. The libellants did not undertake to act upon their own authority, but a sale at auction was proposed by them to the master, as a means of determining what damage or deterioration the goods had sustained, and the sale made was made with the sanction and acquiescence of the master. To all reasonable intents, this method of fixing the amount of injury or loss is just as obligatory on him and the vessel, as a submission to arbitration, or an adjustment by mutual agreement between the parties. It does not appear that any witness, knowing the condition of the goods, considered the sale-prices at all below their marketable value. The sale at auction, under such circumstances, was properly admissible as evidence of the value of the goods when landed; and fortified as it is by the estimate and judgment of witnesses, it becomes a reasonably satisfactory measure of the loss sustained. In my opinion, therefore, the commissioner properly received proof of the auction sale as evidence to determine the measure of damages, and I also think that, independent of that particular, the weight of evidence is that the corks were not worth more than the amount reported by the commissioner.

The exceptions are disallowed without costs, and a decree is to be entered for the libellants for $249.38, with interest at six per cent. from June 11, 1846, the time of filing the libel herein, together with the costs to be taxed.